RECEIVED
2020 JAN -8 P 2:52
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**JUDY SCHONBERGER, individually, and as trustee of the CHARLES L. SCHONBERGER REVOCABLE TRUST,**

**Plaintiff,**

**v.**

**JASON LOISELLE, FIDELITY INVESTMENTS, INC., MICHAEL SCHONBERGER AND FICTITIOUS DEFENDANTS A, B, C AND D,**

**Defendants.**

**CIVIL ACTION NO.** 3:20-cv-015

**(Removed from the Circuit Court of Tallapoosa County, Alabama Case No.: CV-2019-900108)**

**DEFENDANT JASON LOISELLE'S NOTICE OF REMOVAL**

Defendant Jason Loiselle ("Mr. Loiselle"), pursuant to 28 U.S.C. § 1441 and 1446, gives notice he has removed this action from the Circuit Court of Tallapoosa County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division. In compliance with 28 U.S.C. § 1446, Mr. Loiselle shows the Court as follows:

## I. MR. LOISELLE'S REMOVAL IS TIMELY AND PROCEDUALLY PROPER.

1. On December 4, 2019, Plaintiff Judy Schonberger ("Ms. Schonberger") commenced this action by filing suit in the Circuit Court of Tallapoosa County, Alabama. (See Complaint, filed as Exhibit 1).

2. On December 9, 2019, Mr. Loiselle was served with the Summons and Complaint. (See Summons, filed as Exhibit 2).

3. Pursuant to 28 U.S.C. § 1446(b), Mr. Loiselle has 30 days after the receipt of the Complaint to provide notice of removal.

4. Because Mr. Loiselle is filing this Notice within 30 days of December 9, 2019, the Notice has been timely filed.

5. Pursuant to 28 U.S.C. § 1446(d), a complete copy of the process, pleadings and orders filed in the Circuit Court of Tallapoosa County, Alabama are being filed as Exhibit 3.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed today with the Clerk of the Circuit Court of Tallapoosa County, Alabama and will be served upon Ms. Schonberger.

7. The consent requirement in 28 U.S.C. § 1446(b)(2)(A) is also satisfied as Co-Defendants Michael Schonberger ("Mr. Schonberger") and Fidelity Investments Institutional Operations Company LLC f/k/a Fidelity Investments

Institutional Operations Company, Inc. ("FIIOC LLC")[1] consent to this removal, as evidenced by the signed consents attached as Exhibit 4.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER MS. SCHONBERGER'S CLAIMS.

8. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

9. For diversity jurisdiction to exist, this action must be "between citizens of different States[,]" and the amount in controversy between the parties must exceed the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Plaintiff is Completely Diverse from All Defendants.

10. Ms. Schonberger is and was at the time of the commencement of this action a citizen of and domiciled in the State of Alabama. (See Exhibit 1, ¶14).

11. Mr. Loiselle is and was at the time of the commencement of this action a citizen of and domiciled in the State of Michigan. (See Exhibit 1, ¶15).

12. Mr. Schonberger is and was at the time of the commencement of this action a citizen of and domiciled in the State of Colorado. (See Exhibit 1, ¶16).

13. The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members. See Rolling Greens MHP, L.P. v. Comcast SCH

---

[1] The Complaint incorrectly identifies FIIOC LLC as "Fidelity Investments, Inc." The proper legal entity is Fidelity Investments Institutional Operations Company LLC f/k/a Fidelity Investments Institutional Operations Company, Inc.

Holdings LLC, 374 F.3d 1020 (11th Cir. 2004).

14. FIIOC LLC is an LLC organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts. The sole member of FIIOC LLC is Fidelity Workplace Services LLC. Fidelity Workplace Services LLC is an LLC organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts. The sole member of Fidelity Workplace Services LLC is FMR LLC. FMR LLC is an LLC organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts. Pursuant to FMR LLC's records, no member of FMR LLC has a residential or business address in Alabama.

15. The citizenship of "Fictitious Defendants No. 1-19" is irrelevant to determining citizenship for purposes of removal. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

16. Since Ms. Schonberger is an Alabama citizen and no Defendant is a citizen of the State of Alabama, complete diversity exists.

**B. The Amount in Controversy Requirement is Satisfied.**

17. "If removal of a civil action is sought on the basis of the jurisdiction

conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2).

18. In the Complaint, Ms. Schonberger alleges that as a result of improper changes to a trust between her and her late husband, she was deprived of her marital share of the trust proceeds as well as other payments and reimbursements to which she may be entitled. (See Exhibit 1, ¶¶ 12, 43 and 44).

19. Though the Complaint is silent as to the exact amount in controversy, the damages Ms. Schonberger seeks demonstrate the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See Ex Parte Dennis, 681 So. 2d 157 (Ala. Civ. App. 1995) (holding that when a plaintiff fails to specify in the complaint the amount of damages he is claiming, that failure does not automatically divest the circuit of jurisdiction).

20. Since the Complaint is silent, the amount in controversy must be determined from bases other than the *ad damnum* clause of the complaint. See id.

21. The June 30, 2008 Charles L. Schonberger Revocable Trust, which is referenced in the Complaint, provides that the Trustee

> "shall distribute all of the net income of the Marital Trust to [Ms. Schonberger] at least annually during her lifetime. Nothing contained in this agreement shall limit the right of my wife to receive the entire net income of the Marital Trust."

(See The Charles L Schonberger Revocable Trust dated June 30, 2008, Section

8.01, filed as Exhibit 5).

23. The Trust also provides that the Trustee shall "distribute to [Ms. Schonberger] as much of the principal of the Marital Trust as is determined necessary for her health, education, maintenance or support." (Exhibit 5, Section 8.02).

24. Ms. Schonberger alleges Defendants deprived her of the proceeds of the Trust by removing her as Trustee. (Exhibit 1, ¶¶ 10-12).

25. The Trust had an ending value of $414,036.12. (See Account Statement of Schonberger Trust dated September 30, 2016, filed as Exhibit 6).

26. Based on the ending value of the Trust and the continued distribution to be given to Ms. Schonberger throughout her lifetime, her claimed damages exceed $75,000.00.

27. Since there is complete diversity among the parties and the amount in controversy exceeds $75,000, this matter is properly removable pursuant to 28 U.S.C. § 1332(a).

WHEREFORE, Mr. Loiselle removes this action from the Circuit Court of Tallapoosa County, Alabama to this Court and requests this Court assume subject matter jurisdiction to the exclusion of any further proceedings in state court.

DATED: January 8, 2020.

Respectfully submitted,

By: ______________________________
Taffi S. Stewart, Esq. (asb-0450-m72t)
Sarah G. Redmond, Esq. (asb-4416-n10p)
*Attorneys for Defendant Jason Loiselle*


**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
tstewart@lgwmlaw.com
sredmond@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2020, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Jason M. Jackson, Esq.
RADNEY, RADNEY & JACKSON, LLC
Post Office Box 819
Alexander City, Alabama 35011
Telephone: (256) 234-2547
jason@radneylaw.com
*Attorney for Plaintiff*

Joshua D. Jones, Esq.
Louis F. Mendez, Esq.
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 820-8227
jdjones@bressler.com
*Attorneys for Defendant Fidelity Investments Institutional Operations Company LLC*

Clinton L. Wilson, Esq.
MCCOLLUM AND WILSON, P.C.
363A-East Glenn Avenue
Auburn, Alabama 36830
Telephone: (334) 821-7799
wilson@mcwlegal.com
*Attorney for Defendant Michael Schonberger*

OF COUNSEL