# EXHIBIT "1"

ELECTRONICALLY FILED
12/4/2019 12:33 PM
62-CV-2019-900108.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
AT DADEVILLE

| | |
|---|---|
| JUDY SCHONBERGER, individually, and as trustee of the CHARLES L. SCHONBERGER REVOCABLE TRUST, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CV-2019- |
| JASON LOISELLE, FIDELITY INVESTMENTS, INC., MICHAEL SCHONBERGER AND FICTITIOUS DEFENDANTS A, B, C AND D, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Judy Schonberger, individually and as the Trustee of the Charles L. Schonberger Revocable Trust, and files the following Complaint against Defendant Jason Loiselle and Defendant Michael Schonberger:

### STATEMENT OF FACTS

1. Charles L. Schonberger and Judy B. Schonberger were married on February 27, 1982.

2. During the marriage Charles L. Schonberger created a Trust. The Trust was named "The Charles L. Schonberger Revocable Trust".

3. The date of the Trust was June 30, 2008. Charles L. Schonberger and Judy B. Schonberger were named as Trustees. The certification of the Trust is attached as Exhibit A.

4. At some point after the formation of the Trust, an account was opened with Fidelity Investments, Inc. The name of the account was "Charles L. and Judy B.

Schonberger Trustees The Charles L. Schonberger Rev Trust DTD". The account was managed by Defendant, Jason Loiselle.

5. The Trust was formed in Alabama by an Alabama resident.

6. On September 15, 2016, Charles L. and Judy B. Schonberger filed for a divorce in the Tallapoosa County, Alabama Circuit Court, Dadeville Division.

7. Upon filing of the divorce, the parties became subject to the automatic order of the 5th Judicial Circuit attached hereto as Exhibit B. The court order is a "Status Quo" order and serves to prevent any changes by either party without further orders of the court.

8. Charles L. Schonberger died on December 18, 2017 while a patient at Brookside Hospice in Littleton, Colorado.

9. The parties' divorce was dismissed on January 16, 2018.

10. Plaintiff, Judy Schonberger learned from Defendant, Jason Loiselle that she had been removed as a Trustee.

11. The Trust documents require the signature of the Trustee(s) to make changes to the Trust. The Plaintiff signed no such documents.

12. As a result of the improper changes to the Trust, the Plaintiff was deprived of her martial share of the Trust proceeds as well as other payments and reimbursements to which she may be entitled.

## PARTIES

13. Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

14. Plaintiff, Judy Schonberger is a natural person over the age of nineteen years and is a resident citizen of Dadeville, Alabama.

15. Defendant, Jason Loiselle is an Investment Advisor located in Plymouth, Michigan.

16. Defendant, Michael Schonberger is a natural person over the age of nineteen years and is a citizen of Littleton, Colorado.

17. Defendant, Fidelity Investments is a financial investment company located at 82 Devonshire Street, Boston, Massachusetts 02109.

18. Fictitious Defendants A, B, C, D... are those individuals, corporations, limited liability companies, partnerships, firms, and/or other legal entities involved in the fraud, intentional interference with Judy Schonberger's inheritance, bad faith and/or conversion of the investment accounts belonging to the Trust. Plaintiff avers that the true names and identities of Fictitious Defendants A, B, C, D ... are unknown to her at this time, but will be substituted to amendment when ascertained.

## DECLARATORY JUDGMENT

19. Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

20. A justiciable controversy exists between the parties as to the parties' rights, duties, and liabilities to the Plaintiff.

21. Wherefore, Plaintiff prays the Court to take jurisdiction of this cause, and upon final hearing to:

    (a) Order Defendants Jason Loiselle, Fidelity Investments, Inc., Michael Schonberger and/or Fictitious parties A, B, C or D ...to return all of

Plaintiff's inheritance which was wrongfully converted from the investment account with Loiselle Financial Group, LLC and all of The Charles L. Schonberger Revocable Trust's other annuities and accounts, and to pay all interest, fees, and costs associated therewith; and

(b) Enter such orders, judgments and decrees as may be necessary and proper to give effect to the rights, duties and liabilities of the parties as determined and declared by the Court.

## INTENTIONAL INTERFERENCE WITH JUDY SCHONBERGER'S INHERITANCE

22. Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

23. Upon information and belief, Defendants have intentionally interfered with the expected inheritance of Plaintiff Judy Schonberger.

24. Plaintiff had an expectancy in The Charles L. Schonberger Revocable Trust's annuities and trust accounts.

25. Defendants have intentionally interfered with that expectancy, and their conduct in doing so was tortious.

26. But for Defendants' tortious conduct, Plaintiff would have inherited monies from The Charles L. Schonberger Revocable Trust's accounts and annuities.

27. WHEREFORE, Plaintiff has been damaged in an amount to be determined by the trier of fact and demands judgment against Defendants in an amount to be determined by the trier of fact that is just, mete and proper, including interest, actual attorney's fees and expenses.

## FRAUD

28. Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

29. Defendant Michael Schonberger fraudulently made himself or others the purported owners and/or beneficiaries of the accounts and funds owned by The Charles L. Schonberger Revocable Trust for the benefit of the Plaintiff.

30. Defendant Michael Schonberger's fraud caused damage to Plaintiff in an amount to be determined by the trier of fact.

31. That other Defendants participated and/or assisted in the actions with Defendant Michael Schonberger as listed above.

32. Defendant, Jason Loiselle assisted other Defendants in carrying out the fraud

33. WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined by the trier of fact that is just, mete and proper, including interest, actual attorney's fees and expenses.

## BAD FAITH

34. Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

35. Plaintiff alleges that the Defendant, Fidelity Investments, Inc. and Jason Loiselle have committed the tort of bad faith in failing to pay Plaintiff her benefits under the investment account and seeking to cover-up/manipulate evidence that Charles L. Schonberger never made any changes to the account prior to his death.

36. The Defendants knew or should have known that the terms of the Trust had been violated in an effort to keep funds from the Plaintiff.

37.     WHEREFORE, Plaintiff has been damaged in an amount to be determined by the trier of fact and demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact that is just, mete and proper, including interest, actual attorney's fees and expenses.

## CONVERSION

38.     Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

39.     Defendants converted the Plaintiff's inheritance which was from the investment account with Loiselle Financial Group.

40.     Defendants' conversion caused damage to Plaintiff in an amount to be determined by the trier of fact.

41.     WHEREFORE, Plaintiff demands judgment against Defendant Michael Schonberger in an amount to be determined by the trier of fact that is just, mete and proper, including interest, actual attorney's fees and expenses.

## AD DAMNUM CLAUSE

42.     Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if set out in full herein.

43.     Plaintiff alleges that the conduct of Defendants Jason Loiselle, Fidelity Investments, Inc., Michael Schonberger and Fictitious Defendants A, B, C, D ... combined and concurred to cause and result in the damages described above. As a proximate consequence of the intentional acts, fraud, negligence/wantonness, and bad faith of these Defendants, Judy Schonberger was damaged.

44. WHEREFORE, the Plaintiff Judy Schonberger demands judgment against Defendants Jason Loiselle, Fidelity Investment, Inc. and Michael Schonberger in an amount to be determined by the trier of fact that is mete and proper.

Respectfully submitted this 4th day of December 2019.

**DEMANDS TRIAL BY JURY**

/s/ *Jason M. Jackson*
Jason M. Jackson (083)
Attorney for Plaintiff
Radney, Radney & Jackson, LLC
Post Office Box 819
Alexander City, Alabama 35011
(256) 234-2547 – phone
(256) 234-7871 – facsimile
jason@radneylaw.com

# Certification of Trust for the
# Charles L. Schonberger Revocable Trust
# dated June 30, 2008

This Certification of Trust is signed by all the currently acting Trustees of the Charles L. Schonberger Revocable Trust dated June 30, 2008, who declare as follows:

1. The Grantor of the trust is Charles L. Schonberger. The trust is revocable by the Grantor.
2. The Trustees of the trust are Charles L. Schonberger and Judy B. Schonberger. The signatures of both trustees are required to conduct business on behalf of the trust unless one trustee, in writing, explicitly grants signature authority to the other.
3. The tax identification number of the trust is the Social Security number of Charles L. Schonberger.
4. Title to assets held in the trust shall be titled as:
    Charles L. Schonberger and Judy B. Schonberger, Trustees of the Charles L. Schonberger Revocable Trust dated June 30, 2008, and any amendments thereto.
5. Any alternative description shall be effective to title assets in the name of the trust or to designate the trust as a beneficiary if the description includes the name of at least one initial or successor trustee, any reference indicating that property is being held in a fiduciary capacity, and the date of the trust.
6. Excerpts from the trust agreement that establish the trust, designate the Trustee and set forth the powers of the Trustee will be provided upon request. The powers of the Trustees include the power to acquire, sell, assign, convey, pledge, encumber, lease, borrow, manage and deal with real and personal property interests.
7. The terms of the trust agreement provide that a third party may rely upon this Certificate of Trust as evidence of the existence of the trust and is specifically relieved of any obligation to inquire into the terms of this agreement or the authority of my Trustee, or to see to the application that my Trustee makes of funds or other property received by my Trustee.
8. The trust has not been revoked, modified or amended in any way that would cause the representations in this Certification of Trust to be incorrect.

Dated: June 30, 2008

_Judy B. Schonberger, Trustee_

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) ss. |
| COUNTY OF JEFFERSON | ) |

On this day, June 30, 2008, before me personally appeared Judy B. Schonberger, as Trustee, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual whose name is subscribed to the foregoing Certification of Trust, and acknowledged that she executed the same as her voluntary act and deed for the purposes therein contained.

Witness my hand and official seal.

[Seal]

Jean B. McCown, Notary Public
My commission expires: 7/15/2008

Certification of Trust for the Charles L. Schonberger Revocable Trust
Page 3

_____
Charles L. Schonberger, Trustee

STATE OF ALABAMA )
) ss.
COUNTY OF JEFFERSON )

On this day, June 30, 2008, before me personally appeared Charles L. Schonberger, as Trustee, personally known to me (or proved to me on the basis of satisfactory evidence) to be the individual whose name is subscribed to the foregoing Certification of Trust, and acknowledged that he executed the same as his voluntary act and deed for the purposes therein contained.

Witness my hand and official seal.

[Seal]

_____
Jean B. McCown, Notary Public
My commission expires: 7/15/2008

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
DADEVILLE DIVISION

JUDY B. SCHONBERGER,                )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )    DR-2016-900054
                                    )
CHARLES L. SCHONBERGER,             )
                                    )
         Defendant.                 )

## STANDING PENDENTE LITE ORDER

The following *pendente lite* order applies to all contested divorce cases assigned to the undersigned Circuit Judge, and shall be binding on both parties during the pendency of the action, pending further orders of the Court. <u>FAILURE TO ABIDE BY THESE PROVISIONS WILL SUBJECT THE DEFAULTING PARTY TO PENALTIES FOR CONTEMPT OF COURT.</u> Accordingly, it is ORDERED, ADJUDGED and DECREED as follows:

1] INJUNCTION AGAINST HARASSMENT: Both parties are restrained and enjoined from contacting or going about one another at their respective residences or places of employment, or elsewhere, for the purpose of harassing, threatening, intimidating, or assaulting the other, directly or indirectly, in person or by means of telephone, telegram, mail or otherwise.

2] PRESERVATION OF ASSETS: The parties are ordered and directed to preserve, in their present form and location, all assets owned by them either jointly or individually, and are ordered *not* to sell, assign, transfer, conceal, remove from the jurisdiction of the Court, or in any manner dispose of, liquidate, conceal, encumber, dissipate or convert any assets of the parties, or change beneficiaries upon any life insurance policies, or alter any medical, hospitalization, or automobile insurance policies, or in any way alter the current cash value of any life insurance policy, or incur any unreasonable debts. However, this Order shall not prohibit the use of earned income to pay reasonable and lawful debts and living expenses of the parties, nor prohibit the use of


PETITIONER'S EXHIBIT B

pay reasonable and lawful debts and living expenses of the parties, nor prohibit the use of physical assets in the same manner as the same had been used in the ordinary and customary activities of the parties prior to the filing of the action for divorce.

3] PAYMENT OF MONTHLY EXPENSES: The parties shall coordinate the payment of fixed monthly expenses (rent, mortgage payment, utilities, insurance, telephone, car loans, etc.) and other necessary living expenses, so that the parties shall continue paying said expenses in the same manner as was the case prior to the filing of this action. It is this Court's intent that both parties share *pro rata* in the payment of said expenses in situations where both parties have income.

4] IN THE EVENT THERE ARE MINOR CHILDREN OF THE MARRIAGE, THE FOLLOWING SHALL APPLY:

A] MINIMIZATION OF EMOTIONAL TRAUMA ON CHILD(REN): Neither party shall do or say anything to any minor child of the parties, or in a child's presence or hearing, to poison the child's mind, or to adversely influence a child about the other party, or about any issue presented in this action.

B] OCCUPANCY OF MARITAL RESIDENCE: This Court strongly prefers that children be allowed to continue to reside in the parties' marital/family residence during the pendency of this action, in the custody of the parent who traditionally has provided the child's principal care and control prior to the initiation of this action for divorce. The Court's intent is for a child's life to be disrupted as little as possible, and for stability to be maintained in a child's life as much as possible.

C] PAYMENT OF CHILD SUPPORT: The parties shall *immediately* compute and begin to pay child support in accordance with Rule 32 of the *Alabama Rules of Judicial Administration*, and continue to do so pending a final hearing or further orders of the Court.

D] PAYMENT OF CHILD(REN)'S MEDICAL EXPENSES: During the pendency of this action any medical expenses incurred by or for a child shall be paid by the parties in equal amounts within 10 days of presentment of the bill. The parties shall cooperate fully in obtaining maximum insurance benefits as may be available. Any reimbursement obtained from an insurance carrier shall then be

divided equally by the parties, or in the same percentage as paid, within 10 days of receipt.

E] VISITATION: Pending a final hearing, the parent who resided with the child(ren) shall allow the other parent to visit and be with the child(ren) in accordance with the following minimum schedule:

a} Weekends: 1st and 3rd weekend and every other 5th weekend of each month from 6:00 p.m. on Friday until 8:00 a.m. on the following Monday, when the visiting parent shall take the child(ren) to school, or day care, or return the child(ren) to the other parent, as the case may be. The first Friday of a new month is deemed by this Court to be the "first weekend" of that month. In the event that an "Other Major Holiday" listed below falls on the following Monday and it is the visiting parent's year to exercise such holiday, the weekend visit shall extend until 8:00 a.m. on Tuesday.

b} Weekdays: Every Wednesday of each week from 3:00 p.m. until 8:00 a.m. the next morning, when the visiting parent shall take the child(ren) to school, day care, or return to the other parent, as the case may be.

c} Spring Vacation: From 8:00 a.m. on the first Saturday following the last day of school (in the district which the child attends) until 6:00 p.m. on Sunday at the end of Spring Vacation in even-numbered years, regardless of whether such conflicts with other provisions.

d} Summer: From 6:00 p.m. on June 15th until 6:00 p.m. on July 15th each year (and the other parent is awarded the weekend & week day visitation described in subparagraphs (a) & (b) above).

e} Easter: On Easter Sunday from 8:00 a.m. until 6:00 p.m. in each even-numbered year, regardless of whether such conflicts with other provisions.

f} Thanksgiving: From 6:00 p.m. on Wednesday preceding Thanksgiving Day until 6:00 p.m. on the Sunday following in each odd numbered year, regardless of whether such conflicts with other provisions.

g} Christmas: In even numbered years, from 9:00 a.m. on December 20th until 6:00 p.m. on December 25th; and in odd numbered years, from 6:00 p.m. on December 25th until 6:00 p.m. on January 3rd; regardless of whether such conflicts with other provisions.

h} Child's Birthday: On the child's birthday from 5:00 p.m. until 8:00 p.m., regardless of whether such conflicts with other provisions.

i} Father's Day: The father shall have visitation from 8:00 a.m. until 6:00 p.m. regardless of whether such conflicts with other provisions.

j} Mother's Day: The mother shall have visitation from 8:00 a.m. until 6:00 p.m., regardless of whether such conflicts with other provisions.

k} Other Major Holidays (On Mondays): The visiting parent shall have visitation on the following "Other Major Holidays", with the other parent to have the child(ren) on said "Other Major Holidays" in the year opposite those years set out for the visiting parent:

(1) Martin Luther King: odd numbered years

(2) National Memorial Day: even numbered years

(3) Labor Day: odd numbered years

(4) Veterans Day: even numbered years

l} In the event that the child(ren) attends school in a system with Fall and Spring Breaks (Year round School Calendar):

(1) For the first week of the Fall school break from the day following the last day of school at the beginning of the Fall vacation at 8:00 a.m. until the Sunday next following at 6:00 p.m. in each year. The custodial parent shall have custody of the minor child(ren) during the second week of the Fall school break from Sunday at 6:00 p.m. until the following Sunday at 6:00 p.m. each year.

(2) For second week of the Spring school break from the second Sunday at 6:00 p.m. until the following Sunday at 6:00 p.m. each year. The custodial parent shall have custody of the minor child(ren) during the first week of the Spring school break each year from the last day of school which begins the Spring break until the Sunday next following at 6:00 p.m. in each year.

(3) If the school break(s) are not two (2) school weeks long, the parents shall alternate the exercise of each such break, with the noncustodial parent exercising the first such break following entry of the Order or Decree providing for such visitation, and the custodial parent exercising the second such break, and the parties alternating the exercise of each such break thereafter. It is the Court's intent that each parent be allowed to have the child(ren) every other Spring Break and every other Fall Break.

m} Time for Out-of-Town Vacation: Notwithstanding the foregoing schedule, both parents shall have the right to take the child(ren) out of town for a vacation for a period not to exceed ten (10) consecutive days during which time the other parent shall not have the visitation/joint custody time otherwise provided for above. No make-up time shall be provided for; provided, however, that the vacation period to be exercised by the custodial parent shall not be allowed during the non-custodial parent's Summer, School Break, Special Occasion, or Holiday periods of visitation. Likewise, the non-custodial parent's Out-of-Town Vacation period shall be scheduled during his or her exercised Summer period of visitation, and shall not be allowed during the custodial parent's School Break, Special Occasion, or Holiday periods with the child(ren). (School Break: Spring Vacation/Year Round School Breaks (as specified above); Holidays: Christmas/Thanksgiving/Easter/"Other Major Holidays" (as specified above); Special Occasions: Child(ren)'s Birthday/Mother's Day/Father's Day.)

n} Special Family Events: Each parent shall have the child(ren) with him or her for special family events, such as weddings, funerals, and reunions, which pertain to members of the parent's immediate family (parents, grandparents, siblings and/or other children). Provided, however, that no such periods shall, without the other parent's prior consent, interfere with nor deprive a parent of his or her holiday, school break, special occasion, or out-of-town vacation periods with the child(ren). (School Break: Spring Vacation/Year Round School Breaks (as specified above); Holidays: Christmas/Thanksgiving/Easter/"Other Major Holidays" (as specified above); Special Occasions: Child(ren)'s Birthday/Mother's Day/Father's Day.) The parent seeking to have the child(ren) with him or her for the special family event shall provide as much advance notice to the other parent as possible. When the event falls on a weeknight or weekend when the child(ren) would normally not be with the parent who wishes to take them to the special event, the parent shall attempt to agree to switch weeknights or weekends, as the case may be. If the parents cannot otherwise agree, the make-up time shall be the next following weeknight (if a weeknight is missed) or weekend (if weekend time is missed).

o} Parent's Birthday: On that parent's bhthday from 5:00 p.m. until 8:00 p.m., regardless of whether such conflicts with other provisions.

5] NEGOTIATION OF OTHER CONDITIONS: The parties are encouraged to mutually agree, if possible, on any other reasonable terms and conditions which will maintain the parties' status quo, pending a final hearing; *provided, however,* that this Court expects any such agreement, *if contrary to the orders set forth above*, to be in writing, executed by both parties, and submitted to this Court for approval.

6] SHOWING REQUIRED FOR EVIDENTIARY HEARING: In the event the foregoing, standing *pendente lite* orders do not resolve all matters raised by a motion or petition filed in the referenced action, then the attorney for the moving party shall have the burden of petitioning this Court *in writing* for an evidentiary hearing, *and showing good cause (by affidavit or other proof) of the necessity for such hearing, pendente lite.*

7] In the event your case does not settle and requires a trial setting, a trial date will be set upon motion of either party; provided said motion indicates to the Court that discovery is complete for all parties and good faith settlement negotiations have failed. The following will also apply:

A] Counsel should always contact opposing counsel before filing motions to compel discovery. Discuss any problems in meeting deadlines with opposing counsel before deadline expires.

B]   Motions for contempt should not be filed lightly, nor for every violation of an order. Try to resolve the problem between counsel prior to filing a motion, and then only file if it is important enough to involve the Court and warrant possible sanctions.

C]   In the event children are involved and the children are to be evaluated by a counselor and/or psychologist, the Court would suggest that counsel attempt to agree on who to use, so that unnecessary expenses can be avoided. If counsel cannot agree on who is to be used, the Court will offer suggestions, if requested. An independent evaluation is usually more useful to the Court than each party hiring separate experts.

D]   Mediation is recommended by the Court and should be held as early in the case as possible. Cases will not be continued for mediation.

_____
RAY D. MARTIN
Circuit Judge

_____
TOM F. YOUNG, JR.
Circuit Judge

_____
STEVE R. PERRYMAN
Circuit Judge

NOV 2008
RECEIVED
FRANK LUCAS
CIRCUIT CLERK